Filed 3/10/16  P. v. Sandil CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068355 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE338281) |
| CHARLES SANDIL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Ronald F. Frazier, Judge.  Affirmed as modified.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

BACKGROUND

On November 12, 2013, defendant and appellant Charles Sandil requested an $800 cash advance at the Barona Casino. He was using a counterfeit credit card. When arrested at the casino, it was discovered that he had four additional counterfeit cards in his wallet. On September 11, 2014, a jury found defendant guilty of use of counterfeit credit cards (Pen. Code, § 484f, subd. (a)) and possession of counterfeit items (Pen. Code, § 475, subd. (a)). On June 5, 2015, the trial court granted defendant three years' probation, with commitment to the custody of the sheriff for 270 days, and imposed a $39 fine under Penal Code section 1202.5.

ANALYSIS

A.

The trial court struck several conditions from the order granting formal probation. Among these were condition Nos. 12(f), 12(g), and 17. Despite the fact these conditions were stricken, they remained checked on the order granting formal probation form. The minute order noted these conditions were to "remain as agreed by counsel." The People agree with defendant's argument that the record must be corrected to reflect the striking of condition Nos. 12(f), 12 (g), and 17. We agree as well.

B.

As part of defendant's sentence, he was ordered to pay a $39 fine pursuant to Penal Code section 1202.5. Defendant argues this fine must be stricken because it does not apply to the crimes for which he was convicted. The People agree. We have examined

2

Penal Code section 1202.5 and agree it does not include the offenses for which defendant was convicted; therefore, the fine is unauthorized.

## DISPOSITION

The judgment is ordered modified to strike condition Nos. 12(f), 12(g), and 17 of probation, as well as the $39 fine. In all other respects, the judgment is affirmed.

BENKE, J.

WE CONCUR:

McCONNELL, P. J.

HALLER, J.